# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| BRIANA TUCKER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | NO. 3:24-cv-00271 |
| MARTIN O'MALLEY, Commissioner, | ) ) | JUDGE CAMPBELL |
| Social Security Administration | ) ) | MAGISTRATE JUDGE HOLMES |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff Briana Tucker's Motion for an Award of Attorney's Fees Under the Equal Access to Justice Act. (Doc. No. 25). Defendant filed a response in opposition. (Doc. No. 27). For the reasons set forth below, Plaintiff's Motion will be **GRANTED** in part and **DENIED** in part.

## I. FACTUAL BACKGROUND

On March 25, 2024, Plaintiff filed this action for review of the denial of Plaintiff's claim for Social Security disability benefits. (Doc. No. 1). On August 29, 2024, Defendant filed an Unopposed Motion for Entry of Judgment under Sentence Four, 42 U.S.C. § 405(g). (Doc. No. 21). Accordingly, the Court entered an Order remanding this case to the Commissioner of Social Security for further administrative proceedings. (Doc. No. 23).

Plaintiff moved for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $6,468.75, which Plaintiff represents is based on an hourly rate of $225.00 for 28.75 hours in this case.

Defendant has no objection to Plaintiff's request for attorney's fees or the hourly rate requested. Instead, Defendant objects to 2.0 total hours of time requested by Plaintiff on May 16,

2023, June 26, 2024, June 27, 2024, and July 25, 2024, to prepare and file motions for extension of time. As a result, Defendant requests that Plaintiff's fees be reduced to $6,018.75.

## II. STANDARD OF REVIEW

The EAJA permits the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security to apply for an award of attorney's fees unless the position taken by the Government is substantially justified or special circumstances exist warranting a denial of fees. *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (internal citation omitted).

"The EAJA caps the hourly rate for attorney fees at $125 per hour 'unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.'" *Caviness v. Comm'r of Soc. Sec.*, 681 F. App'x 453, 455 (6th Cir. 2017) (internal citations omitted). Moreover, "any decision to award an attorney fee rate above the $125 cap is within 'the sound discretion of the district court,'" and "[w]hen requesting an increase in the hourly fee rate above the statutory cap, a plaintiff 'bear[s] the burden of producing appropriate evidence to support the requested increase.'" *Id.*

## III. ANALYSIS

Plaintiff's counsel submitted an itemized list for his services in this action. (Doc. No. 26-3). Defendant objects to the following fee requests:

| Date | Description | Time | Hourly Rate | Expenses |
|---|---|---|---|---|
| 5/16/2023 | Downloaded Order granting motion for extension of time. | .25 | 225.00 | 56.25 |
| 5/25/24 | Drafted and filed a motion for extension of time. Emailed | .50 | 225.00 | 1112.50 |

2

|  | Opposing counsel to ask if they oppose motion. |  |  |  |
|---|---|---|---|---|
| 6/26/24 | Drafted and filed 2nd motion for extension of time. Emailed Opposing counsel to ask if they oppose motion. | .50 | 225.00 | 112.50 |
| 6/27/24 | Downloaded Order granting motion for extension of time. | .25 | 225.00 | 56.25 |
| 7/25/24 | Drafted and filed 3rd motion for extension of time. Emailed Opposing counsel to ask if they oppose motion. | .50 | 225.00 | 112.50 |

As grounds, Defendant contends that his litigation position did not cause Plaintiff's need for extensions and that compensation for such extensions would be unreasonable. The Court agrees.

Courts in the Sixth Circuit have consistently recognized that it is not appropriate to award attorneys' fees for time spent by counsel to secure an extension of time to file a brief. *Francis v. Comm'r of Soc. Sec. Admin.*, No. 22-CV-01012-TMP, 2023 WL 6392447, at *2 (W.D. Tenn. Sept. 29, 2023) ("Additionally, the Commissioner objects to the 2.00 hours billed for time spent to secure four extensions to file a brief... Because the time spent securing extensions to file a brief cannot be charged to the government, the attorney fees are ineligible for compensation under EAJA. Therefore, Francis' billed time for filing extensions must be reduced an additional 2.00 hours."); *McClenton v. Comm'r of Soc. Sec.*, No. 1:22-CV-456, 2023 WL 2726055, at *2 (W.D. Mich. Mar. 20, 2023) ("As with clerical tasks, courts have held that time that a plaintiff's counsel spent to secure an extension of time to file a brief should not be charged to the government."); *Miller v.*

*Comm'r of Soc. Sec.*, 346 F. Supp. 3d 1018, 1032 (E.D. Mich. 2018), *report and recommendation adopted*, No. 13-11748, 2018 WL 4922207 (E.D. Mich. Oct. 10, 2018) (internal citation omitted) ("But the Court agrees that the time spent by counsel preparing and filing an Errata without leave of court, moving for an extension of time to file a reply brief, and correcting briefing errors committed not once but twice at the appellate-court level were not reasonably expended and therefore are not properly charged to Defendant."); *Wright v. Astrue*, No. 06-13252, 2008 WL 878795, at *3 (E.D. Mich. Mar. 28, 2008) ("While modest in amount, the time that Plaintiff's counsel devoted to file an extension of time and review the order of the Court granting the extension because of an inability to meet filing deadlines is not properly billed to the government.").

Here, the time Plaintiff's counsel spent related to motions for extensions of time is ineligible for compensation under the EAJA. Accordingly, the Court finds that it is appropriate to reduce Plaintiff's attorney's fees by 2.0 hours, which results in attorney's fees to Plaintiff's counsel in the amount of $6,018.75.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for attorney's fees (Doc. No. 25) is **GRANTED** in part and **DENIED** in part. The Court finds it is appropriate to reduce the requested fees by 2.0 hours. Accordingly, Plaintiff's request for fees will be granted in the amount of $6,018.75.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE